# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WILLIAM D. ROGERS, JR., <br><br> Petitioner, <br><br> v. <br><br> BRIAN FOSTER, <br><br> Respondent. | Case No. 18-CV-1227-JPS <br><br><br> **ORDER** |

On August 9, 2018, Petitioner William D. Rogers, Jr., who is proceeding in this matter *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket #1). On September 5, 2018, Magistrate Judge William E. Duffin screened the petition and noted that while it was not "plainly apparent" that Petitioner was not entitled to relief, it appeared that the statute of limitations might bar the petition. (Docket #5 at 1–2). On November 1, 2018, Respondent submitted a motion to dismiss on the grounds that the petition is untimely. (Docket #9). That motion is now fully briefed. For the reasons explained below, the motion will be granted, and the petition and certificate of appealability will be denied.

1. **BACKGROUND**

On February 21, 2008, Rogers pled guilty to homicide charges in Milwaukee County Circuit Court Case No. 2007CF4409. (Docket #10–4 at 9). A judgment was entered against him on April 21, 2008, which was subsequently amended to clarify a prison sentence on July 29, 2008. *Id.* at 7–8. After he was convicted, Rogers attempted to withdraw his plea, claiming that his trial counsel had provided ineffective assistance. (Docket #10-2 at 1–2). The trial court declined to let him withdraw his plea. Rogers appealed

the conviction, arguing ineffective assistance of counsel because his counsel had not secured a second medical opinion in support of a not guilty by reason of insanity plea. *Id.* at 2–3. The Wisconsin Court of Appeals upheld the conviction, explaining that he had not shown that his trial counsel's actions prejudiced him. Specifically, the Wisconsin Court of Appeals stated,

> Rogers does not allege that additional medical evaluations would have uncovered an expert whose opinion would have supported a plea of not guilty by reason of mental disease or defect. Rogers thus has not made the requisite showing that additional evaluations would have led to information that would have helped him. . .Since Rogers has not shown that the result of the proceeding would have been different had his attorney sought additional medical evaluations of him, he has not shown that he was prejudiced.

*State v. Rogers*, No. 2009AP1851-CR, unpublished slip op. ¶ 5 (Wis. Ct. App. Aug. 17, 2010); (Docket #10-2 at 3). On October 27, 2010, the Wisconsin Supreme Court denied review of the petition. (Docket #10-3 at 1). There is no evidence that Rogers appealed this denial to the United States Supreme Court.

Over six years later, on January 17, 2017, Rogers submitted a motion pursuant to Wis. Stat. § 974.06, which allows convicted individuals to collaterally attack their convictions. *See* (Docket #10-4 at 3). This motion was denied on January 20, 2017. *Id.* at 4. On July 5, 2017, Rogers filed a petition for writ of habeas corpus with the Wisconsin Court of Appeals, again arguing ineffective assistance of counsel. *See id.* at 2. On September 13, 2017, the Wisconsin Court of Appeals denied his petition. (Docket #10-5 at 1). On February 13, 2018, the Supreme Court also denied review of his petition.

(Docket #10-6 at 1). The instant federal habeas petition was mailed on August 6, 2018, and docketed three days later. (Docket #1). In it, Rogers claims ineffective assistance of trial counsel, post-conviction counsel, and appellate counsel in relation to his desired not guilty by reason of insanity plea.

2. **ANALYSIS**

28 U.S.C. § 2244(d)(1)(A) sets forth the following applicable limitations period:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of. . .the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

The statute further provides that the limitations period will be tolled while any properly filed application for post-conviction relief or collateral review is pending. *Id.* § 2244(d)(2).

Under 28 U.S.C. § 2244(d)(1)(A), Rogers' conviction would have become final ninety (90) days after the Wisconsin Supreme Court denied his petition for review; i.e., on January 25, 2011. *See Anderson v. Litscher*, 281 F.3d 672, 674–75 (7th Cir. 2002). Rogers therefore had until January 25, 2012 to file a petition for review in federal court. He failed to do so. His state habeas petitions in 2017 do not affect the limitations period because they were filed after the federal statute of limitations expired. *Teas v. Endicott*, 494 F.3d 580, 582–83 (7th Cir. 2009).[1]

---

[1]Respondent notes that Plaintiff filed a motion to vacate a DNA surcharge in December 2010, which, even if considered as post-conviction relief or a collateral

There are two exceptions to the bar on untimely habeas petitions: equitable tolling and the "actual innocence" gateway. Rogers does not argue either of them, and neither seem to apply here. Rogers would be "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations and quotations omitted). "It is the petitioner's burden to establish both of these points." *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2014). Rogers has not shown that he was pursuing his rights diligently from 2011 to 2017, the yawning period of time between his final conviction and his state habeas petitions. Nor has Rogers described any extraordinary circumstances that prevented him from timely filing his federal petition.

Mental illness or disability may toll the statute of limitations "only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." *Obreicht v. Foster*, 727 F.3d 744, 750–51 (7th Cir. 2013) (quoting *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996)) (emphasis in original). Effectively, Rogers would have had to provide evidence that his mental competency during the relevant limitations period directly prevented him from pursuing habeas relief. *Mayberry*, 904 F.3d at 530. He has done no such thing. Therefore, equitable tolling is inapplicable.

With regard to the "actual innocence" gateway, Rogers has not provided "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that

---

challenge to the conviction, has no effect on the statute of limitations because it was decided before the statute of limitations period began to run.

the trial was free of nonharmless constitutional error." *Gladney v. Pollard*, 799 F3d 889, 896 (7th Cir. 2015) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). The Court's review of the record does not deprive it of confidence in the outcome of the state court proceedings. Petitioner was represented by competent counsel, evaluated by a doctor, and ultimately pled guilty to the charges. The Court discerns no basis on which it can or should overturn the state court conviction.

3. **CONCLUSION**

In light of the foregoing, the Court finds that Rogers' petition is untimely, and Rogers has failed to demonstrate that an exception to the statute of limitations is applicable. Therefore, the motion to dismiss must be granted, and the petition dismissed.

Under Rule 11(a) of the Rules Governing Section 2254 cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Rogers must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both that the "petition states a valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Court's discussion above makes clear, no reasonable jurists could debate whether Rogers' petition is timely.

As a consequence, the Court is compelled to deny him a certificate of appealability.

Finally, the Court closes with some information about the actions that Rogers may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within thirty (30) days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *Id.* 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight (28) days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable amount of time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *Id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Respondent's motion to dismiss the petition (Docket #9) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Petitioner's petition for a writ of habeas corpus (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability as to Petitioner's petition be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of August, 2019.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge